IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY HARE. #301469                     *
        Petitioner,
   v.                                              *   CIVIL ACTION NO. DKC-09-1570

STATE OF MARYLAND                         *
        Respondent.
                                       ***

**<u>MEMORANDUM OPINION</u>**

On June 15, 2009,[1] the court received for filing the instant 28 U.S.C. § 2254 habeas corpus application from Anthony Hare ("Hare") attacking his 2001 convictions in the Circuit Court for Prince George's County, Maryland.[2] Paper No. 1. On August 17, 2009, Respondent filed a court-ordered limited answer seeking dismissal of the action as time barred. Paper No. 8. Pursuant to this court's Orders Petitioner was granted additional time to show that his Petition was filed within the proper time frame or explain why the Petition should not be dismissed as untimely. Paper Nos. 4 & 10. Petitioner has not filed a response.

The following information is extrapolated from the record. On March 29, 2001, Hare was convicted by a jury of attempted second-degree murder, first-degree assault, attempted armed robbery, openly carrying a deadly weapon, and conspiracy to commit second-degree murder.[3] Paper No. 8, Exs. 1 & 2. On April 25, 2001, Judge Richard H. Sothoron sentenced Hare to serve almost 80 years in prison. In an unreported opinion filed on July 18, 2002, the Court of Special Appeals of

---

[1] The instant petition was received for filing by the Clerk on June 15, 2009. The petition is dated June 3, 2009. For purposes of assessing the timeliness of the Petition, it is deemed to have been filed on the date Petitioner signed it. *See United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of prison mail-box rule to petition filed pursuant to 28 U.S.C. § 2255).

[2] Petitioner claims that the trial court committed error by resentencing him in absentia and the state's witness provided conflicting testimony. Paper No. 1.

[3] According to the docket, the conspiracy count was dismissed by the state at sentencing.

Maryland vacated Hare's sentences for first-degree assault and openly carrying a deadly weapon, but otherwise affirmed his convictions.[4] The court's mandate issued on August 19, 2002. Hare did not request further direct appellate review to Maryland's highest court, the Court of Appeals of Maryland, and his conviction therefore became final on September 3, 2002, when the time for seeking review expired. *See* Md. Rule 8-302.

On December 14, 2005, Hare initiated post-conviction proceedings by filing a petition for post-conviction relief in the Circuit Court for Prince George's County. On March 6, 2006, the Circuit Court granted the petition only to the extent that Hare was granted thirty days to file for review before a three–judge panel. Relief was otherwise denied. Paper No. 8, Ex. 1. Hare's application for leave to appeal the post-conviction court decision was summarily denied by the Court of Special Appeals on January 26, 2007. The appellate court mandate was issued on February 26, 2007.[5]  *Id*. Ex. 3.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") into law. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. *See* 28 U.S.C. § 2244(d)(1).[6]  This one year period is, however, tolled while properly filed post-conviction proceedings

---

[4] On January 23, 2003, Circuit Court Judge Sothoron held a proceeding which modified Hare's sentence in light of the opinion of the Court of Special Appeals. Paper No. 8, Ex. 1 at p. 11.

[5] Although the judgment was clearly entered on January 26, 2007, the docket and mandate document seemingly contain a typographical error as they indicate that the mandate to follow the judgment was issued February 26, 2006. Paper No. 8, Ex. 1 at p. 13; Ex. 3.

[6] This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of

are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions became final on September 3, 2002.[7] He had no post-conviction or other proceedings pending which would have served to toll the one-year limitation period from September 3, 2002 to December 13, 2005 and February 26, 2007 to June 2, 2009, an aggregate period of five years and five months. This period greatly exceeds the one-year limitation period. *See*

---

        a State court. The limitation period shall run from the latest of-

           (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

           (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States if removed, if the applicant was prevented from filing by such State action;

           (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

           (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

    [7]    In *Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005), a petitioner obtained, in a collateral proceeding, an order from a Maryland state circuit court allowing him to file a belated application for leave to appeal his conviction and sentence. The United States Court of Appeals for the Fourth Circuit found that the state appellate court's consideration and denial of petitioner's appeal application in that subsequent proceeding was direct review and that the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began to run when the time expired for seeking further direct review (through a writ of certiorari) from the United States Supreme Court. *Frasch* does not apply in this case. Hare's obtaining the ability to seek review of his sentence from a three-judge panel does not constitute an essential element of the direct review process as did Frasch's belated appeal.

28 U.S.C. § 2244(d)(2).

Petitioner provides no grounds for tolling his Petition under the statutory provisions of 28 U.S.C. § 2244(d)(1)(B)-(D). The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, such as the one-year limitations period set out in AEDPA. *See Harris v. Hutchinson*, 209 F.3d at 329-30. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *Id.,* at 330, quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, the doctrine of equitable tolling has been applied in two types of situations: where the respondent's acts prevent the petitioner from asserting the claim, or where extraordinary circumstances beyond the petitioner's control prevent him from filing a timely claim. *Id.*, quoting, *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996). No equitable tolling arguments have been presented to the court. Therefore, the Petition shall be dismissed as time barred. A separate Order follows.

Date: __10/20/09_____          _____/s/_____
                                                            DEBORAH K. CHASANOW
                                                            United States District Judge